**2000–2099. Cincinnati Bar Assn. v. Clapp & Affiliates Fin. Serv., Inc.**
On April 3, 2002, this court ordered respondent Clapp & Affiliates Financial Services, Inc. ("Clapp, Inc."), and intervening respondent Robert D. Clapp, to produce or cause to be produced within ten days of the date of the order at the office of counsel for the relator certain documents and materials. This court further ordered Robert D. Clapp to file an affidavit with this court and with relator that he is no longer engaged and does not further intend to engage in any counseling or negotiation regarding legal matters for or on behalf of another, or appear in court by pleadings or personal appearance for or on behalf of any party other than himself, or engage in any practice that may constitute the practice of law.

In its order of April 3, 2002, this court further ordered that should intervening respondent Robert D. Clapp in his personal capacity or as Chief Executive Officer of Clapp, Inc., or as sole shareholder of Clapp, Inc., fail to produce the items referred to in the order, he shall be incarcerated in the Richland County Jail for a period of no less than 30 days and as long thereafter as he shall fail to purge himself of the contempt of this court.

It appears from the records in this case that respondent Clapp, Inc., and intervening respondent Robert D. Clapp have not complied with the April 3, 2002 order. On May 3, 2002, relator Cincinnati Bar Association filed a notice to this court that, as of April 26, 2002, relator had not received any books, files, records, documents, or other materials which pertain to any clients of respondent Clapp, Inc., and intervening respondent Robert D. Clapp, or documents which were identified in a subpoena issued on October 10, 2000, by the Board of Commissioners on the Unauthorized Practice of Law of

the Supreme Court of Ohio to respondent. It further appears from the docket of this case that Robert D. Clapp did not file an affidavit with this court as required by the April 3, 2002 order. Upon consideration thereof,

IT IS ORDERED by the court that a writ of commitment shall be issued commanding the Sheriff of Richland County to imprison Robert D. Clapp, last known business address in Mansfield, Ohio, for a period of no less than 30 days and as long thereafter as he shall fail to purge himself of the contempt of this court.

IT IS FURTHER ORDERED by the court that relator Cincinnati Bar Association shall immediately file a notice with this court upon Robert D. Clapp's compliance with the April 3, 2002 order.